IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STANLEY PRINCE,             :
                                   :
           Plaintiff,       :      Case No. 06-CV-1565
                                   :
     v.                    :
                                   :
PEERLESS INSURANCE CO.,   :      (Judge McClure)
A New Hampshire Corporation,  :
                                   :
           Defendant     :

**O R D E R**

January 18, 2007

**BACKGROUND:**

On June 7, 2006, plaintiff commenced this action by filing a writ of
summons with the Court of Common Pleas of Lycoming County, Pennsylvania.
Defendant was served with a complaint on July 26, 2006.  On August 11, 2006,
defendant, a New Hampshire corporation, filed a notice of removal of the action to
the United States District Court for the Middle District of Pennsylvania pursuant to
28 U.S.C. § 1441.  The case arises out of a fire that occurred in Jersey Shore,
Pennsylvania.  The plaintiff is the owner of the premises and filed an insurance
claim following the fire.

The parties are now conducting discovery and on December 4, 2006,

defendant filed a motion to inspect the premises.  (Rec. Doc. No. 13.)  On

December 6, 2006, we granted defendant's motion and ordered plaintiff to grant

defendant an opportunity to inspect the insured premises within ten days.  (Rec.

Doc. No. 15.)

On December 14, 2006, defendant filed a motion for sanctions  (Rec. Doc.

No. 16), together with a supporting brief (Rec. Doc. No. 17).   Plaintiff has not

filed any opposition to plaintiff's motion, and hence the motion is deemed

unopposed.  LR 7.6.   Now, for the following reasons, we will grant defendant's

motion for sanctions.

## DISCUSSION:

Evidently, following our December 6, 2006 order which required plaintiff to

provide defendant with an opportunity to inspect the insured premises, the parties

scheduled an inspection on December 14, 2006 at 1:00 p.m.  On December 13,

2006, defendant called plaintiff's attorney to confirm that someone would be

present at the property to permit entry to the premises.  Plaintiff's attorney called

the plaintiff, who stated he was out of town and would not be present for the

inspection.  Plaintiff's attorney then offered to be present for the inspection, but the

plaintiff rejected this alternative.

By failing to respond to defendant's motion for sanctions, plaintiff has not

opposed any of these facts or offered any justification for his failure to comply with our December 6, 2006 order.  Thus, it is clear to us that plaintiff has violated our December 6, 2006 order without any legitimate justification.

Rule 37(b) of the Federal Rules of Civil Procedure governs the imposition of sanctions for the failure to comply with an order to provide or permit discovery. Rule 37(b)(2)(C) allows for an order dismissing the action or rendering judgment by default against the disobedient party.  Rule 37(b)(2)(B) allows for an order refusing to allow the disobedient party to support or oppose designated claims or defenses.

Despite the fact that plaintiff has provided no explanation for his failure to comply with our order, we will allow plaintiff one final opportunity to comply. Plaintiff shall on or before February 1, 2007 provide defendant an opportunity to inspect the premises.  If plaintiff fails to comply with our order by the February 1, 2007 deadline, he is risking an order dismissing the entire action with prejudice or an order refusing to allow plaintiff to argue that the fire was accidental.

Furthermore, we note that we will accept <u>absolutely no</u> excuse for any failure to comply with this new deadline.  We are giving sufficient time to schedule the inspection.  If plaintiff is not in the area, he must provide someone else with a key so he or she can allow the defendant to inspect the property.

Finally, Rule 37(b) specifically allows for the imposition of attorney's fees caused by the failure to comply unless the failure was substantially justified.  We believe that the imposition of attorney's fees is appropriate in this case because there is no substantial justification for the plaintiff's failure to comply.  Therefore, we will order plaintiff to pay to defendant attorney's fees associated with preparing the defendant's motion for sanctions (Rec. Doc. No. 16) and defendant's brief in support of its motion for sanctions (Rec. Doc. No. 17).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Defendant's "Motion for Sanctions" is GRANTED.  (Rec. Doc. No. 16).

2.  Plaintiff is ordered to comply with our December 6, 2006 order and grant defendant opportunity to inspect the insured premises, located at 544 South Broad Street, Jersey Shore, Pennsylvania, on or before February 1, 2007.  Failure of plaintiff to comply with this directive will result in sanctions, which may include dismissal of the entire action with prejudice, an order refusing to allow plaintiff to argue that the fire was accidental and/or such other sanctions as the court finds appropriate.

3.   Plaintiff shall pay to defendant its reasonable attorney's fees and expenses incurred incident to the following motions:

   (a)   Defendant's motion for sanctions (Rec. Doc. No. 16) and

   (b)   Defendant's brief in support of its motion for sanctions (Rec. Doc. No. 17).

4.   If the parties are able to agree by February 1, 2007 on the amount to be paid by plaintiff pursuant to ¶ 3 above, plaintiff shall pay that amount to defendant by February 15, 2007.

5.   If the parties are unable to agree by February 1, 2007 to the amount to be paid by plaintiff pursuant to ¶ 3 above, defendant may file a motion seeking court determination of the appropriate attorney's fees and expenses pursuant to this order by February 15, 2007 with an itemized statement of services rendered, fees, and expenses.  Plaintiff shall respond to defendant's motion within ten days from when it is filed.

   s/ James F. McClure, Jr.
   James F. McClure, Jr.
   United States District Judge